WILLIAM R. MILLION, Trustee in Bankruptcy of the Estate of JOSEPH B. VARNUM, Bankrupt, Respondent, v. THE COMMERCIAL BANK OF BOONVILLE, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. BANKRUPTCY: Preference: Ownership of Personal Property: Estoppel: Notice of Insolvency: Agent's Knowledge. Joseph B. Varnum purchased a stock of hardware with his wife's money. The business was carried on in the husband's name, and there was nothing to show that the wife had any interest therein. After a time, being financially embarrassed, and indebted to defendant bank, Varnum made a sale of his stock to a purchaser, for which he received the purchaser's check, and he thereupon gave to defendant bank his check for an amount equal to the amount of the purchaser's check, both checks being prepared at the same time by defendant's cashier. There was conclusive evidence that defendant's cashier, as cashier, was fully advised of Varnum's insolvency at the time of the payment of defendant's debt. Plaintiff sued defendant for the amount which defendant had received as the proceeds of said sale, claiming that the transaction was a preference. The evidence was sufficient to authorize a finding by the jury in favor of the trustee in bankruptcy and against the defendant bank.

2. ———: ———: ———. Where a wife is the owner of a stock of goods but permits her husband to hold himself out as the owner of them and to contract debts on the strength of his apparent ownership, she is estopped to deny his ownership when the goods are seized by his creditors.

3. ———: Principal and Agent: Banks and Banking: Knowledge of Agent Attributed to Principal, When. When the cashier of a bank in the transaction of business coming within the scope of his agency as cashier learns of the insolvency of the bank's debtor, his knowledge is the bank's knowledge.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin*, Judge.

AFFIRMED.

*John Cosgrove* for appellant.

*Roy D. Williams* and *C. D. Corum* for respondent.

BROADDUS, P. J.—This is a suit by a trustee in bankruptcy. The defendant held a note of $1700 signed by the bankrupt, Joseph B. Varnum, and his wife. This note was a renewal of two former notes given to defendant by Varnum and wife or by Varnum alone, (there is a dispute as to that matter) one for $1200 and the other for $500. There were four or five months' rent due the defendant for a store room occupied by Varnum which belonged to defendant. The interest on the $1700 note and the back rent amounted to $1942.60. Varnum had been engaged in the hardware business at Boonville when he met with reverses and filed a petition in the bankrupt court. Before coming to Boonville he had been living at Rocheport, where he had also been engaged in the hardware business, and it seems that the stock of goods carried at Rocheport was purchased with funds he procured of his wife. This stock of goods was taken to Boonville. The business at Boonville was conducted solely by Varnum. The sign over the front door bore his name and he had exclusive management of the business. The stationery and billheads were printed in his name; and his wife did not claim to own any interest in the business and did not make any suggestions how it was to be conducted. And it appears that Varnum held himself out to the world as the owner of the goods. When he moved to Boonville he rented a building, in which he conducted his business, from defendant, and deposited his funds, which at that time amounted to about $2000, in his own name with defendant bank. Soon after going into business at Boonville he began to borrow money of defendant. First, he borrowed $500 and afterwards $1200 as has been stated. Afterwards they were re-

newed and the amount incorporated in the one note for $1700. All the money so borrowed was deposited in defendant bank to the credit of Varnum. It appeared that Varnum was unable to pay what he owed defendant, but also defaulted in the payment of interest and in the payment of rent for several months. Dauwalter, defendant's cashier, loaned him $600 with which to pay interest due and past rent and a deed of trust was given to secure it on Mrs. Varnum's home.

There is no doubt but what Varnum gradually and constantly became financially embarrassed and the defendant's cashier had knowledge that such was the case, which knowledge he obtained through transactions he had with him as such cashier. The cashier was told by Varnum that the stock of goods was all the property he had and that he owed about $1000 to other creditors. Varnum was advised by the cashier that the best thing he could do would be to sell out if he could only get 75 per cent of the value of his stock. Varnum accordingly sold to a Mr. Davis. The inventory taken at 75 per cent amounted to $1942.60. The cashier prepared a check for that amount payable to Varnum which was signed by Davis and thereupon the cashier prepared another check for the amount payable to defendant which Varnum signed by means of which the entire proceeds of the sale were paid to the bank.

The court instructed the jury on the main issue in the case as follows: "The jury are instructed that if they believe from the evidence that Mrs. Varnum, wife of J. B. Varnum, gave money belonging to her to her husband and permitted him to invest the same in a stock of goods, wares and merchandise, and to hold himself out to the public as the owner thereof and to engage in business as a retail merchant in the city of Boonville in his own name, and that said Varnum purchased goods, wares and merchandise as such merchant and afterwards became a bankrupt, then the facts

that the money invested in said goods belonged to his wife and that she signed the note to the Commercial Bank is no defense to this suit.'' Instructions B, C and D given for the plaintiff are to the effect that knowledge of defendant's cashier was notice to defendant. The instructions asked by the defendant were predicated upon the theory that if the stock in trade was the property of Mrs. Varnum, the verdict should be for defendant. The court refused to so instruct. The plaintiff recovered and defendant appealed.

We are of the opinion that there was no error in the trial. The court applied the law properly to the facts of the case and the verdict of the jury was amply sustained by the facts. Notwithstanding the goods belonged to the wife they were liable to the demands of the creditors. The evidence conclusively shows that Varnum with the consent of his wife all the time held himself out to the world as the owner of the goods, on the credit of which he contracted debts. Under such circumstances the wife was estopped when her husband became insolvent to withdraw the goods from the process of the law instituted by creditors to subject them to the payment of their demands against her husband. The holdings in McClain v. Abshire, 63 Mo. App. 340 and Riley v. Vaughn, 116 Mo. 1. c. 178, are decisive of this question and supports fully instruction A. And instructions B, C and D, properly declared the law as to notice to defendant. It seems to us there can be no dispute but what the defendant's cashier had full and complete knowledge of the failing condition of Varnum's business as it progressed and that he knew of his insolvency at the time he applied the entire amount of money Varnum received from the sale of the entire stock of goods to the payment of the debt Varnum owed to his bank, and that he obtained all his knowledge as cashier in transactions within the scope of the business of the bank. In fact, directly in business transacted between Varnum

and the bank. In such instances the knowledge acquired by the cashier is imputable to the bank. Mechanic's Bank v. Schaumburg, 38 Mo. 228; Wheeler v. Terminal Co., 66 Mo. App. 260; Leonard v. Latimer, 67 Mo. App. 138.

The defendant makes objection as to the sufficiency of the plaintiff's petition, which at most is extremely critical. We think it sufficient after judgment. Upon a review of the whole case we hold that there could have been no proper judgment other than that rendered. Affirmed. All concur.