THE COMMERCIAL BANK OF BOONVILLE, MISSOURI, Appellant, v. MARY E. VARNUM, Respondent.

Kansas City Court of Appeals, January 19, 1914.

1. BILLS AND NOTES: Payment and Satisfaction. Plaintiff bank held a note signed by a husband and wife given for money used in carrying on a business in the husband's name. The husband sold the business and with the money paid off the note. Within four months thereafter he went into voluntary bankruptcy. His trustee then brought suit to recover the money so paid as being a preference void as to creditors and prevailed, and the money was paid back by the bank to the trustee. Thereupon the bank received on its claim against the bankrupt's estate its pro rata share.' After the discharge of the husband in bankruptcy, the bank sued the wife for the remainder due on the note. The latter pleaded payment. *Held*, that the attempted payment by the husband was not a satisfaction of the debt since it was declared void by the court in the bankruptcy suit.

2. JUDGMENTS: Binding on One not a Party by Way of Estoppel. The judgment operated upon the transaction between the husband and the bank and not on the title to the money. If incidentally it affected the wife's title to the money, .the judgment bound her since she knew the trustee was endeavoring to recover it as the husband's property and made no effort to prevent it. In addition to this, her alleged title to the money had passed to the bank, and it defended that title for her but was defeated because the court *held* that as she would have been estopped had she been a party so the bank, claiming under her, was estopped to claim the money as being hers.

3. PLEADING: Estoppel: Necessity for not Disclosed. Ordinarily it is necessary for the one claiming estoppel to plead it in order to obtain the benefit of that principle. But where neither the facts nor the pleadings disclose to a party that a claim will be made against which estoppel can apply, but the claim arises only in the party's theory of the case after the same is closed, the principle of estoppel can be invoked against such unexpected claim notwithstanding no plea of estoppel has been made.

4. TRIAL PRACTICE: No Dispute as to Facts: Question of Law for Court. Where the facts are conceded, a question of law for the court arises which it should decide by a peremptory instruction to the jury to return the verdict the law demands.

5. BANKRUPTCY: Accepting Voidable Preference: No forfeiture of the Debt. A creditor, by accepting a voidable preference, does not forfeit the debt. While he must return the preference received he can participate, pro rata, in the estate of the bankrupt.

6. ————: Discharge of Bankrupt Personal to Him Only. The discharge of a bankrupt affects him only and not the liability of a comaker of his note.

Appeal from Cooper Circuit Court.—*Hon. J. G. Slate, Judge.*

REVERSED AND REMANDED (*with directions*).

*John Cosgrove* for appellant.

*Roy D. Williams* and *W. V. Draffen* for respondent.

TRIMBLE, J.—Plaintiff sued defendant to recover the unpaid balance due upon a promissory note executed by the latter jointly with her husband, J. B. Varnum. The defense is the note has been paid.

Some years prior to the institution of the suit, the defendant, Mrs. Varnum, bought with her own money a stock of merchandise, and her husband, J. B. Varnum, ran the store for her at Rocheport, Missouri, carrying on the business in *her* name. Thereafter the stock was removed to Boonville where for two or three

years the husband conducted the business in *his* name with his wife's knowledge and consent. It was so conducted down to the time the business was sold as hereinafter related.

Soon after J. B. Varnum commenced business in Boonville, he and his wife, the defendant, began borrowing money from plaintiff on their joint notes, and the money as borrowed was used in the business. It was generally thought that Mrs. Varnum was possessed of means of her own, and the bank lent the money largely on the strength of her credit. In this way the note now in suit came to be made. It was executed on June 9, 1909, and, as stated before, was signed by defendant and her husband J. B. Varnum. On April 16, 1910, Varnum, who was still running the store in his own name, with his wife's knowledge and consent, sold the stock of goods to D. L. Davis who gave a check on the plaintiff bank for the purchase price. J. B. Varnum deposited the check to his own credit in the plaintiff bank and then drew his check payable to plaintiff for the amount due on the note and for some store rent also due. Plaintiff's cashier received the check, stamped the note "paid" and delivered it to J. B. Varnum.

Within four months thereafter, to-wit, on May 24, 1910, J. B. Varnum became a voluntary bankrupt and W. R. Million was elected trustee of the bankrupt's estate. The payment of the money by Varnum to the bank on April 16, 1910, being within four months of the bankruptcy, was a preference which could be declared void under the National Bankrupt Act. [Paragraphs a and b, Sec. 60, Bankruptcy Act of 1898.] Million, the trustee in bankruptcy, thereupon brought suit to have said preference and payment declared void and to recover the money so paid. The trustee obtained judgment against the bank which was affirmed by this court. [Million, Trustee, v. Commercial Bank of Boonville, 159 Mo. App. 601.] The bank thereupon paid said

judgment and then filed its claim against the bankrupt's estate, and was paid thereon the sum of $664.85. Thereupon, after the discharge in bankruptcy of the husband, the present suit was instituted against the other maker of the note, Mrs. Varnum, to receive the remainder due on same.

As stated, the wife's defense is that the note has been paid. The contention involved in that defense is that the stock of goods sold by J. B. Varnum, in reality, belonged to Mrs. Varnum, and consequently, the money received for said stock, and used by him in paying said note, belonged to her, and when her husband, J. B. Varnum, paid it to the bank, it was a payment and satisfaction in full of the note. Defendant's further contention is that she was not a party to the suit by the trustee in bankruptcy and, therefore, was not bound by the judgment therein rendered declaring void the payment by her husband to the bank, and hence, as to her, the situation is the same as if the transaction between her husband and the bank, whereby he used her money to pay the note in question, had never been declared void and the same as if the bank had never been compelled to refund the money. This is the effect of her contention, though, in words, her contention is that, as she was not a party to the bankruptcy suit, she was not bound by the adjudication therein that the title and ownership of the money with which J. B. Varnum attempted to pay the note was in him and not in her. The further contention, apparently, is that, as the bank knew the payment by J. B. Varnum was a voidable preference, knew that the stock belonged to her, it was engaged in a fraudulent transaction when it received the money in payment of the note, and must therefore be left where it was brought itself.

There was practically no dispute as to the facts. The court refused to give plaintiff's peremptory instruction to find for it, but submitted to the jury the question whether the stock sold to D. L. Davis was de-

fendant's property, and told the jury that, if it was, then the payment attempted to be made by J. B. Varnum to plaintiff was with defendant's money and the note was, in that event, satisfied. The jury found for defendant, and plaintiff has appealed.

As the facts were not in dispute, the question to be passed upon was one of law to be decided by the court. [Williams·v. Williams, 132 Mo. App. 266; Coleman v. Reynolds, 207 Mo. 463, 1. c. 477.]

The question is, was the payment, attempted to be made by J. B. Varnum, to the bank a payment and satisfaction of the debt? The payment attempted to be made by J. B. Varnum was with money that belonged neither to him nor to Mrs. Varnum in the sense that they could do with it as they pleased. It was a trust fund belonging to all the creditors of J. B. Varnum. The payment, or transaction attempted to be made a payment, was liable to be declared void, and was so declared by the judgment in the bankruptcy case. It was as if it had never been made. Mrs. Varnum treats the judgment in the bankruptcy case as if it operated to deprive her of the *title to the money* and, as she was not a party to the suit, it cannot bind her. But the judgment in the bankruptcy case operated rather upon the *transaction* between Varnum and the bank whereby he attempted to pass the money over to the bank in payment of the note. That transaction was declared void, that is, the effect of the judgment was that no payment was made which gave the bank title to the money. While the judgment, in effect, did affix a status to the money by declaring it to be a trust fund for the benefit of all the creditors of J. B. Varnum and thereby, in a sense, might be said to incidentally affect Mrs. Varnum's title thereto, since, if it was her money, it was appropriated by the judgment to pay Mr. Varnum's creditors, yet the judgment did not, in reality, adjudicate or pass upon her title thereto. If it did, then it was her duty to interplead or intervene

therein as she was fully cognizant of the suit and was present in court when it was tried and knew what was being sought. But, in fact, her title, if she ever had any, had passed to the bank and the bank attempted to defend that title by setting up in that suit that the money it had received was hers and was used to pay a note of which she was one of the makers. The court, however, held that as Mrs. Varnum would have been estopped to claim the money had she chosen to assert a claim to it, neither could the bank, by claiming under her, be allowed to make such a defense. If this involved an adjudication of the title to the money it was, under the circumstances, such an adjudication as bound Mrs. Varnum even though she was not a party, in view of the fact that she knew the trustee was seeking to appropriate it for the purpose of paying her husband's creditors, and she apparently consented to it, or at least made no objection to it nor effort to prevent it. It is, however, said that this is saying that Mrs. Varnum is estopped by the judgment in the bankruptcy case, and that estoppel cannot apply to her since the bank did not plead estoppel in this case. Under the answer filed, no necessity for invoking estoppel against her appeared. In fact the answer, by saying the bank participated in a fraud in taking a preference over other creditors of J. B. Varnum, would tend to lead plaintiff to believe that defendant was not disputing the fact found by the bankruptcy judgment that the property was the husband's. In other words, defendant's answer, instead of giving notice to plaintiff that estoppel might arise in the case, tended rather to remove that thought, and consequently nothing appeared in the case requiring the bank to plead estoppel. It was only after all the evidence was in and the cause submitted that defendant's theory that she was not bound by the bankruptcy judgment came into the case. Under these circumstances plaintiff ought not to be precluded from saying Mrs. Varnum is estopped by

the bankruptcy judgment merely because no estoppel has been pleaded by the bank. But, however this may be, the judgment in the bankruptcy case operated on the attempted payment by J. B. Varnum and declared it void. Its effect was on the transaction, and its result was to make that which apparently was a payment to be no payment at all. If there was no payment then the debt to the bank still remained in force, unless the bank, by receiving the payment with knowledge that it was a preference forfeited the debt; and of this mention will be made later.

Certainly, as to J. B. Varnum, the debt remained and was not extinguished. Because, after the bank paid the judgment, it presented the debt as one of the claims against the estate and received a dividend thereon of $664.85. Whenever a bankrupt has attempted to make a preference and the same has been declared void by the courts, the debt was not affected thereby but remained in force. The effect of J. B. Varnum's voluntarily going into bankruptcy was to repudiate the check he had given in the payment made to the bank. If he had paid the bank's debt with a check which afterwards turned out to be worthless, then the bank's note would not have been paid even though it was marked so and delivered to Varnum, unless it was specially agreed to be so between him and the bank. [22 Am. & Eng. Ency. of Law (2 Ed.), 550; Steamboat Charlotte v. Hammond, 9 Mo. 59.] If he had paid the debt with a promissory note and the latter was not paid, then this would have constituted no payment of the debt in the absence of a special agreement. [Howard v. Jones et al., 33 Mo. 583.] If J. B. Varnum had paid the note with counterfeit money the debt would not have been satisfied. [22 Am. & Eng. Ency. of Law (2 Ed.), 549.] And the marking of the note "paid" would not raise a prima-facie presumption of payment. [22 Am. & Eng. Ency. of Law (2 Ed.), 564; Powell v. Blow, 34 Mo. 485.] So then when J. B. Varnum repudiated the giving of

the check by voluntarily going into bankruptcy, the debt to the bank was not extinguished.

But Mrs. Varnum claims that in the bankruptcy case the bank has been adjudged to have received the money knowing it was a preference, and therefore both the bank and J. B. Varnum were engaged in a transaction fraudulent as to his creditors, and for this reason the bank should not be allowed to recover against her but should be left in the situation it has put itself. If it was a fraud participated in by the bank, it was not one against her but was one which, if successful, would have inured to her benefit, and she was willing to reap it. It is not seen how she would be in any better position to complain of that fraud than her husband. The bank by participating in a fraud against the husband's creditors did not suffer a forfeiture of the debt as a penalty for that fraud. Unless the debt was paid or forfeited, it still remained in existence. It was not forfeited. And, while a proceeding was gone through with which appeared to pay it, yet, in fact and in law, it was not paid. If there was no payment, it still remained unsatisfied and is enforcible against the debtor not relieved by the discharge in bankruptcy. The discharge of J. B. Varnum affected him only and not the liability of his comaker of the note. [Sec. 16 Bankruptcy Act, 1898; 2 Remington in Bankruptcy p. 1764; Moyer v. Dewey, 103 U. S. 301.] As no payment has been made and the debt is still enforcible against Mrs. Varnum, the bank is entitled to a judgment against her. There being no dispute over the facts, the cause is reversed and remanded with directions to enter judgment for the plaintiff for the amount due on the note less the payment made thereon by the trustee in bankruptcy as the dividend out of the bankrupt's estate. All concur.