## Moore v. Clines.

(Decided Oct. 7, 1932.)

(As Extended on Denial of Rehearing March 10, 1933.)

LEO J. SANDMANN for appellant.
JOHN P. FLEMING for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This action comes before the court upon appeal from a decision of the Jefferson circuit court in sustaining defendant's demurrer to the amended, reformed, and substituted petition of the plaintiff, whereupon, appellant declining to plead further, his petition was dismissed with costs and appeal granted.

The facts are these: On the 16th day of April, 1924, the appellee, Thomas D. Clines, entered into a contract of purchase with the appellant, C. P. Moore, for an automobile, in payment for which the said Clines agreed to deliver to Moore eleven second mortgage Elks Club bonds of $100 denomination each by the 1st of May, 1924.

This contract of purchase was at the time reduced to writing and signed by the parties, which is by its terms as follows:

Louisville, Ky., Apr. 16, 1924.

"Contract to deliver 1 Reo 7 Passenger Car Model 76 1923 Reo By C. P. Moore of Bardstown, Kentucky, to Thos. D. Clines of Louisville, Ky., Auduben Park.

"For which he (T. D. Clines) agrees to deliver to said C. P. Moore eleven (11) second mortgage Elk Bond (No. 390) of $100.00 denomination each by the 1st of May 1924.

"Car delivered this day.

"C. P. Moore
"T. D. Clines"

When May 1, 1924, the time recited by this contract when Clines was to make payment for the car by delivery to Moore of eleven second mortgage Elks Club bonds of $100 denomination each arrived, Clines did not deliver them to Moore, but in lieu of such promised performance, and by way of adjustment of his failure to deliver the bonds, he then executed, signed, and delivered a second written agreement to the appellant, Moore, whereby he agreed to make payment in bonds

for the car sold him at a later time upon the terms therein recited as follows:

"$1100.00                 Louisville, Ky., May 1, 1924.

"Four months after date, for value received I promise to pay to the order of C. P. Moore Eleven Hundred Dollars. Negotiable and payable at the Citizens Union National Bank, Louisville, Ky. It is agreed by the parties hereto that this note shall bear interest at the rate of —— per cent. per annum until paid.

"It is agreed that this note is to be paid in Elks Club No. 8 Second Mortgage real estate bonds.

"Thos. D. Clines"

Again did defendant, Clines, upon the maturity of this his second obligation on September 1, 1924, fail to keep and perform it, through his failure and refusal to at such time make delivery to the appellant of the promised Elks Club mortgage bonds in satisfaction of his debt.

However, it appears that some four or five years later, and at a time when these Elks Club mortgage bonds had become worthless and of no value, Clines did tender to the appellant by way of a belated satisfaction of his debt eleven of the bonds described in these earlier instruments, which the appellant then declined to accept.

The defendant continuing his failure and refusal to pay the appellant his contracted obligation, the appellant in April, 1930, filed his suit in the Jefferson circuit court, wherein he alleged the facts creating the obligation to be as above herein recited and filed therewith defendant's written obligations of date April 16, 1924, and May 1, 1924, relying upon and describing the latter as a note, whereby the defendant promised to pay him the sum of $1,100 with interest thereon and prayed judgment against the defendant in the sum of $1,100 with interest thereon at 6 per cent. from its recited maturity on September 1, 1924.

Defendant's demurrer filed to said petition was sustained, whereupon an amended petition, second amended petition, and finally an amended, reformed, and substituted petition, each seeking a money recovery, were in turn filed by the plaintiff and respective demurrers thereto sustained.

Plaintiff in this last named amended petition states therein that he withdraws his original petition, amended petition, and second amended petition, and files same in lieu thereof, and therein only alleges that the defendant, Clines, on May 1, 1924, by his promissory note agreed and promised to pay the plaintiff herein, four months after date, $1,100, with interest thereon at the rate of 6 per cent. per annum, the said note and stipulation thereon being then set out in full, and pleads that the claim was just and the defendant truly indebted to the plaintiff in the sum of $1,100 with interest, wherefore judgment was demanded against the defendant in the said named sum, interest, and costs. To this final amended petition defendant demurred, and from the ruling of the court in sustaining his demurrer to this petition as amended and dismissing same, this appeal is prosecuted.

There is thus presented upon this appeal only the question as to whether a note, whereby its maker agrees and promises to pay a certain sum to the order of another at a certain time stated, with interest thereon, and where it is further stipulated upon the face of the note that the said amount thereof is to be paid through the medium or with something other than money, to wit, in mortgage bonds, is a negotiable instrument or an instrument upon which recovery may be had by suit thereon of the amount promised to be paid therein in money, rather than in the provded medium or in something other than money, to wit, in mortgage bonds.

The stipulation written on the face of the note at the time of its execution became a part of it and the instrument was thereby rendered unnegotiable. Negotiable Instrument Act, section 3720b-1, subsec. 2, Kentucky Statutes.

The maker of the note, by writing such stipulation upon its face, though destroying its effect as a negotiable instrument thereby as a promise for the payment of money by otherwise providing for its payment in mortgage bonds, does nevertheless thereby assume an obligation to his payee to pay the amount of the note as provided by the instrument according to its tenor, embracing the stipulation as a part thereof. That is, he thereby became liable upon contract in accordance with the terms of the instrument evidencing it, and providing, by reason of the added stipulation, that the

same was to be paid on September 1, 1924, through the medium of delivering the designated Elks Club mortgage bonds on September 1, 1924.

This engagement and agreement of the parties, so evidenced by the writing sued on, that the debt was to be paid in such manner, or in bonds, by the maker, could not, upon his failure to so perform, be converted into an obligation to pay the stated amount of the note in money, in that no such promise or liability of maker is evidenced by the terms of the note to so pay it.

But it may be contended by appellant that the appellee, Clines, upon his making default in the delivery of the real estate bonds upon the day promised by his first writing, did execute this further written undertaking to pay Moore for the car sold him, in the way and manner therein provided, four months after said date, which should be construed as giving to Moore a promise in the alternative or as one giving Clines the option to satisfy the evidenced obligation either by its payment in money *or* by the delivery to him of the eleven $100 Elks Club bonds at his election.

Such was the construction given the writings sued on in the case of Tranter v. Hibbard, 108 Ky. 265, 56 S. W. 169, 21 Ky. Law Rep. 1710, where Tranter had executed his note for $2,752.50, payable October 3, 1897, to Hibbard, who, contemporaneously with the execution to him of the note, did in turn execute and sign a second writing, whereby he agreed to accept from Tranter in payment of his said note, when due, 55 shares of the stock of the National Union Oil Company. It was there held that the two writings should be construed together as one contract, with the right in the promisor, Tranter, to satisfy the note at its maturity by its payment either in money or stock, but that promisor's right of election between these alternative modes of payment continued only until the time when the promise was to be performed, but that after such maturity day passed without exercising his election and performance on his part, the promisee had an absolute right to the money and might bring his action therefor.

It was further therein held that the agreement by payee to accept 55 shares of stock in the oil company meant stock in the company as it then existed, and that payee could not be compelled to accept the agreed shares thereafter, when it had been inflated or otherwise depreciated.

610

It may be conceded that the general rule declared both by case and text authorities is, as announced in the Tranter Case, supra, that where there is a promise to pay money at a certain time or deliver certain chattels, it will be construed as "a promise in the alternative, which belongs to the promissor" and which gives him the option of satisfying his obligation at its maturity, either by the one or the other method, so provided, at his election.

However, we are of the opinion that neither of the writings here executed by Clines can properly be construed or considered as evidencing an alternative promise or undertaking on the part of Clines to satisfy his obligation owing Moore, either in money *or* bonds; that is to say, we do not interpret this agreement executed by appellee on May 1, whereby although he promises to pay Moore $1,100 four months after date, this writing yet expressly stipulates, as the only agreed method for discharging it, that it is to be paid in Elks Club real estate bonds; that is, it is to be paid *only,* and not *or,* in such bonds, making of it a promise in the alternative, to so pay. Rather do we regard the two writings herein executed by Clines to Moore as evidencing the contract had between them in respect to the trade of a Reo car furnished by Moore to Clines as one of barter or exchange between them, whereby it was agreed that the car was to be given by Moore to Clines in consideration of or in exchange for eleven Elks Club real estate bonds, to be delivered by Clines to Moore therefor.

This May 1 writing herein sued upon does not provide, as was the case in the Tranter Case, supra, and other instances of alternative promise, that upon the maturity of the note given Hibbard that he would accept 55 shares of stock in payment of it, with the mode of its payment resting in the option or election of payor, but the writing here sued on expressly, in each instrument, stated that by agreement the payment for the car was to be made by Clines, not in money or bonds, but in real estate Elks Club bonds. 8 C. J. sec. 801, p. 574.

Holding the view that such was the nature and character of the parties' contract, as evidenced both by the first and second writings supra, and that Clines' promise, for the reasons stated, was not an alternative one, giving him the option of exercising a choice between two methods of satisfying his obligation only to

the date of its maturity, but rather a promise providing one mode of satisfaction, it follows that he did not, after its maturity, lose the right to discharge his contract by following the one way, providing for the delivery of real estate bonds as agreed, yet his right to so satisfy his obligation to Moore was limited in its exercise to his delivery of said real estate bonds to payee as the same existed in their market value at the promised date of delivery and he was without the right to compel payee, or appellant, to thereafter accept these bonds when depreciated, as a satisfaction of his debt, as was here attempted.

It results, therefore, for the reasons indicated, that the court rightly sustained the demurrer to plaintiff's petition as not stating facts upon which appellant was entitled to recover upon the writing against the defendant judgment for the payment of the stated amount of $1,100 in money to him.

This, it may be stated, is the only question presented upon this appeal and the only one now decided. Our conclusion as to the insufficiency of the appellant's petition and amended petitions filed in his instant suit as one for the recovery of money upon the instrument sued upon is without prejudice to his right of recovery of damages for the defendant's breach of contract in such appropriate action as he may later desire to institute therefor and whereby he may be able to recover of the defendant damages for his loss suffered through defendant's failure to deliver him these certain mortgage bonds on September 1, 1924, or an amount representing their then value, nor would defendant's later tender to the appellant of such bonds, as claimed made herein, when they had depreciated in value or become worthless, then constitute a payment of appellant's claim or a proper discharge of defendant's contractual undertaking.

Appellant further discusses in his brief the matter of the alleged impossibility of performance by defendant of his contract to pay the debt in the stipulated bond medium at the time promised. This constitutes no bar to appellant's right of recovery. This question, however, is not upon this appeal here presented, nor decided.

Therefore it follows that, perceiving no error com-

mitted by the trial court in sustaining defendant's demurrer to petition, its judgment in so doing is hereby affirmed.