PATRICIA L. FRANK, RESPONDENT, V. DANIEL C. MYERS ET AL., APPELLANTS.—109 S. W. (2d) 54.

Kansas City Court of Appeals. December 23, 1937.

*L. E. Atherton* for respondent.

*W. A. Lintner* and *Irwin & Bushman* for appellants.

SHAIN, P. J.—The plaintiff's petition herein is a plain and concise statement of a cause of action on a promissory note alleged as executed by defendants April 28, 1922, for the sum of $4200 at 6½ per cent interest from and after May 1, 1922, until maturity payable semi-annually. It appears that said note was executed to M. C. Cameron and on June 17, 1922, was assigned for value to the plaintiff herein. The maturity of the note is shown to be on May 27, 1927. The plaintiff asks judgment for $4200 with interest from January 1, 1930, with 8 per cent interest less a credit of $189.

Defendants answer by general denial and further answered as follows:

"And for further answer the defendants state that the note in suit was secured by a trust deed on two hundred forty-one acres of real estate in Sullivan County, Missouri, as described in said trust deed which is recorded in the Recorder's office of Sullivan County, Missouri, in trust deed book 69, at page 841. That on or about the . . . day of August, 1932, the plaintiff offered that, if defendants would deed her said land and take a one or two years' lease thereon at a satisfactory rental and an option to buy the same back at the end of the lease for $4200, she, the plaintiff, would cancel said indebtedness and consider the note in suit fully paid. Defendants state that they immediately thereupon executed and delivered to plaintiff their warranty deed to said lands, conveying to plaintiff a fee simple title thereto, and offered to lease the same for one or two years at a satisfactory rental, and offered to buy the land back at the end of the term for $4200. Said lands were subject to no other encumbrance. That by reason of which, said note has been fully paid and discharged.

"Defendants further state that the plaintiff accepted and retained their said warranty deed for more than five months, during which period she did not write the defendants or convey to them any information whatsoever, nor did she reply to defendants' offer to lease said land at a satisfactory rental. That by reason of her retention of said deed, defendants quit the use of the said lands and gave up the management and control of the same, and gave up the control of the tenants thereon situated, and did not thereafter take any rent or profit therefrom, because they believed that plaintiff had accepted said deed and fully intended to accept and retain the same in full satisfaction of the note herein sued upon; and by reason of all of which, defendants say that plaintiff is estopped and has waived her right to being suit upon said note, and that said note is fully paid and discharged."

Plaintiff in reply denies all allegations in defendants' answer except as to admission of execution of note by defendants and admission of plaintiff's ownership of the note. Plaintiff further pleas in reply as follows:

"Further answering, plaintiff states that on or about July 28, 1932, she offered three propositions to the defendants, to-wit: First: That the maturity of the loan be extended to May 1, 1933, at the existing rate of interest if defendants felt that they could pay the principal on said May 1, 1933 and provided that the defendants meet the interest due May 1, 1932, Second: That defendants pay 50% of the principal and a new note and deed of trust for the balance maturing May 1, 1937. Third: That defendants deed the property to plaintiff and that it be taken on a one or two year lease at a satisfactory rental with the option of the defendants buying the property at $4200.00 at the end of the lease. Said offer further provided that regardless of what sort of an agreement was reached, defendants should immediately mail their check in the amount of $126.00 which was the interest due on May 1, 1932. Plaintiff specifically denies that any of the said above offers were accepted by defendants and specifically denies that defendants ever offered to lease the property or to accept the option of buying the property at the end of the lease and specifically denies that defendants ever tendered the interest due to May 1, 1932."

Plaintiff states that defendants mailed plaintiff a deed to said premises but failed to make payment of interest or to lease said premises at a satisfactory rental. Plaintiff further denies that the offer made by plaintiff was ever accepted or notice of the acceptance by defendants ever brought home to the plaintiff. Plaintiff further alleges that said land is not worth and was not at the time of said proposed transaction, the amount of the mortgage against it. Plaintiff specifically denies that defendants offered to buy the land back at the end of the lease for $4200. Plaintiff further denies that she accepted and retained any warranty deed and further denies that defendants quit the use of said lands and gave up the management and control of the same and further denies that the defendants gave up control of the tenants situated on said lands and further denies that plaintiff ever accepted said deed in full satisfaction of the note thereon and further denies that plaintiff by her actions as above set out waived her right to bring suit on said note and specifically denies that said note is paid and discharged.

Plaintiff further replying states that on failure of the defendants to comply with the terms of said offers, returned to defendants the deed above mentioned and thereafter defendants mailed said deed back to her and further replying states that plaintiff again tendered said deed and still tenders said deed. And now presents the same in court and tenders the same back to defendants."

Trial was by jury, plaintiff produced the note in evidence and defendants produced evidence of facts claimed to be in payment or

satisfaction of the note. At the close of all of the evidence, the court gave a peremptory instruction directing a verdict for plaintiff and the jury returned a verdict for plaintiff in the sum of $5538.00 and judgment was entered in accordance and defendants have duly appealed.

The defendants make assignments of error as follows: I. The court erred in refusing to permit the defendants to show how they understood and interpreted the proposal of plaintiff. II. The court erred in directing a verdict for the plaintiff.

To conform to designation of parties as in the trial court, we will continue to designate, respondent as plaintiff and appellants as defendants.

### OPINION.

In our consideration of this case, we must, of course, confine ourselves to the assignments of error one and two above set forth. The first assignment announces that, concerning the note and deed of trust, the plaintiff made a proposal for an adjustment. The defendants placed in evidence a letter from plaintiff, which letter is admitted to present the proposal in question. The letter reads as follows:

"July 28, 1932.

"Dear Mr. Meyers:

"Your letter of July 13th concerning interest and principal due May 1st on trust deed for your property received. Because of your always prompt payment in the past, and the present generally poor business conditions of the entire country, I am willing to make any reasonable concession that will in any way help you meet the amounts due on this trust deed.

"There are several ways in which this may be done.

"First, I am willing to extend the maturity of the deed until May 1st, 1933, at the existing rate of interest if you feel you can pay the principal on the above date (May 1st 1933), provided you meet the interest that was due May 1, 1932.

"Second, if you can pay fifty per cent (50%) of the principal sum at present I will be willing to give you a new deed for the balance of the principal maturing say on May 1st, 1937.

"Third, if it is more desirable to you, you may deed the property over to me and take one or two years lease on the property at a satisfactory rental with the option of your buying the property at $4200 at the end of the lease.

One of the above suggestions seem to be the most satisfactory way of handling the matter, however, if you have other suggestions I would be very glad to hear them. Regardless of what sort of an agreement we come to I would appreciate your mailing me immediately your check in the amount of $126.00 which was interest due May 1st, 1932.

"As I am of age now and married, my mother Helen L. Laack, has turned over the trust deed to me for any further dealings. In the future please address your letters to me as Mrs. Patricia L. Frank at 4256 West First St., Los Angeles, Calif.

"Hoping to hear from you in the very near future.

"Yours truly,

MRS. PATRICIA L. FRANK."

When placed upon the stand, defendant D. C. Myers testified that the above letter was shown to his wife and was read by her. The witness testified as to what was thereafter done as follows:

"Q. And after that, what did you and Mrs. Myers do? A. Made our deed and sent it to her.

"Q. Did you and Mrs. Myers execute a warranty deed to the land in this trust deed described? A. Yes, sir."

The deed sent to plaintiff was placed in evidence and is shown to be a warranty deed in due form with plaintiff's name appearing as grantee. There is no showing that defendants sent to the plaintiff, along with the deed, any other acknowledgment of acception or any offer of written lease for one or two years, or any response concerning the interest.

It will be noted that plaintiff's letter offered several plans of adjusting the matter. The plaintiff's letter presents a tentative offer with three suggestions and informs defendants that if they have other suggestions she would be glad to hear them.

The answer filed by defendants must be considered in connection with defendants' claim of error.

Defendants by answer are contending that there was a proposal and an acceptance and a performance by them in accordance with the proposal made and defendants, based upon alleged performance on their part and alleged acceptance on part of plaintiff, contend that the debt sued upon has been paid or satisfied.

The defense is an affirmative defense and must therefore be limited and restricted to defendants' allegations as plead. [Sevier v. Harmon, 261 S. W. 348; Weil v. Posten, 77 Mo. 284; Provines v. Wilder, 87 Mo. App. 162.]

Issues in a case are made by the pleadings and a specific defense presented must come within the specific pleading. [Kleinlein v. Foskin, 13 S. W. (2d) 648; Tuepker v. Sov. Camp, W. O. W., 226 S. W. 1002.]

Defendants, in support of their contention that there had been a proposition made by plaintiff and an acceptance and performance by them, make claim that the court committed error in precluding defendants to give evidence of defendants' understanding of the proposition presented in plaintiff's letter.

The defendants cite a long line of cases to the effect that, where there is a suit on a contract, if there is shown ambiguity and a dispute as to meaning, the parties are permitted to testify as to their understanding. Such is the law in this state.

The meeting of the minds of the parties is the essence of a contract and there is a question in the case at bar as to whether or not there was ever a meeting of the minds of plaintiff and defendants upon any proposition submitted by plaintiff. Such being so, it is questionable as to whether or not the line of authority cited by defendants has any application to the question herein presented. However, if so, we conclude that the propositions laid down in the plaintiff's letter are plain and unequivocal, and we conclude that the court did not commit error in refusing to permit defendants to testify as to defendants' understanding of the offer made in the letter.

It is shown by the evidence in this case that the plaintiff never returned the deed that was sent by defendants until approximately five months after it was mailed to and received by her. Based upon this fact defendant urges, that as defendants never received any further word from plaintiff and that they therefter quit the possession of the land in question, the plaintiff is estopped and has waived her right to bring suit on the note in issue.

In support of above plea, the defendants offered to testify as to the contents of letters claimed to have been mailed to plaintiff after the deed had been executed and sent, wherein defendants claimed to have offered to rent the real estate in question. This offer was refused by the court. However, the defendants have not made any claim of error in refusal of such testimony so offered and we are not called upon to give consideration of same.

Under the facts as presented and shown in the record and outlined above, we conclude that it was up to the court to determine as to whether there was an issue of fact for the jury or a question of law for the court.

The law in this state is that when an offer calls for a performance of some specific act, no notice of acceptance is required and the performane of the act called for completes the contract. [Daggett et al. v. K. C. Structural Steel Co. et al., 65 S. W. (2d) 1036.]

The trial court in the case at bar acted upon the theory that the question of offer, acceptance and performance is one of law and found there was, as a matter of law, no such acceptance and performance shown upon the part of defendants as precluded a suit and a recovery upon the note sued upon.

As a reviewing court it is our duty to carefully consider the pleadings, the construction placed upon the contract by the parties, if there be any ambiguity, and the reviewing court must also give con-

sideration to the theory upon which the case was tried and then hold the litigants to the theory adopted in the trial. [Nelson v. Massman Construction Co., 91 S. W. (2d) 623.]

In further consideration of this case, we give consideration of position taken by defendants that part performance sometimes completes a contract wherein and whereby all parties become firmly bound. Such is undoubtedly the law where an offer does not call for acceptance, but calls for only performance and, based thereon, performance is begun by the other party.

We conclude that the case at bar is clearly distinguished from that class of cases wherein there is a direct offer calling for performance, in that the propositions made by the plaintiff in her letter is threefold and calls for a definite acceptance by defendants on one of the three propositions. The letter upon its face shows that it is a proposition looking to an agreement, in the future, to be decided upon between the parties and wherein the defendants are given options one, two and three.

While the defendants were precluded from giving direct testimony of their understanding of the letter, still defendants' theory of what the proposal meant is clearly expressed in their answer and by the theory upon which their defense is presented. It is evident that defendants have assumed and acted upon the theory of doing some one act tentatively proposed in plaintiff's letter and by doing this one act completely bind plaintiff and be permitted to thereafter bargain and barter with plaintiff concerning vital matters concerning which there has been no agreement.

Based upon the theory above, defendants assert estoppel and waiver. The defendants, under points and authorities, urge that the sending of the deed was a counter offer, such a claim is inconsistent with the theory upon which defendants presented their case in the trial.

We conclude that there is no evidence shown in the record herein that would justify the court to submit an issue of fact on the question of whether or not the note in question had been paid. We conclude further, that detriment suffered by defendants, if any, is shown to be due to defendants' own actions and that grounds upon which estoppel and waiver are predicated are not supported by the evidence. [Grafeman Dairy Co. v. Northwestern Bank, 288 S. W. 359.]

We conclude that there is not shown sufficient evidence of acceptance of plaintiff's offer and sufficient evidence of performance.

The issue in the case at bar in final analysis resolves itself to the question of whether or not the note in question was paid or satisfied. The evidence that defendants prepared and sent to plaintiff a deed to the real estate and that said deed was retained for a period of months stands undisputed. It follows that there was presented a

question of law to be determined by the trial court. [The Commercial Bank of Boonville, Missouri, v. Varnum, 176 Mo. App. 78.]

Based upon the premises and conclusions above set forth, we conclude that the assignments of error made by defendants are not well founded. Judgment affirmed. All concur.