**STATE ex rel. Elmer Wilson JOHNSON, Plaintiff-Appellant,**

v.

**Verner I. BURKS, et al., Defendants-Respondents.**

No. 33704.

St. Louis Court of Appeals, Missouri.

Jan. 26, 1971.

Elmer Wilson Johnson, pro se.

Robert W. VanDillen, City Counselor, Robert C. McNicholas, Asst. City Counselor, St. Louis, for defendants-respondents.

CLEMENS, Commissioner.

This appeal grows out of proceedings by which the City of St. Louis condemned plaintiff's dilapidated, vandalized building. The threshold question here is whether the plaintiff effectively appealed to the City's appellate tribunal when he "paid" the required filing fee with a worthless check.

Plaintiff Johnson owns real estate in St. Louis. Defendants Burks, Beins and Murphy are members of St. Louis City's Board of Buildings Appeals, defendant Miller is the Board's Secretary, and defendant Brown is the City's Building Commissioner. Plaintiff petitioned the Circuit Court to review the Board's order condemning his vacant building. On the Board's motion the Circuit Court dismissed plaintiff's petition and he appeals.

We paraphrase the pertinent St. Louis ordinances. No. 2126.1 provides that when the building commissioner determines that the condition of a building has become dangerous he shall notify the owner and command him to repair or remove such building within seven days; if the owner fails to comply the building commissioner may repair or remove the condemned building at the owner's cost. No. 2127.3 gives the owner a right to appeal the building commissioner's order to the city's board of building appeals; No. 2127.4 requires that the owner's notice of appeal shall be accompanied by a $25 fee. No. 2127.6 empowers the board to decide the appeal; No. 2127.7 provides for administrative review of the board's decision by the circuit court.

The municipal proceedings moved along this course: On July 10, 1969 the Building Commissioner notified the defendant and the Board concerning plaintiff's building: "North wall buldged at mid span, east wall collapsed at northern third, roof has collapsed at center of building, all walls in an extreme state of deterioration, all foundation walls have mortar missing or deteriorated, wooden members deteriorated, window frames and sash deteriorated or missing, panes broken supporting columns and beams deteriorated or missing, sagging or shifted, building strewn with combustible debris and plumbing and electrical fixtures missing. This building in its present state is in a dilapidated and dangerous condition, open to unauthorized entry and presents a serious fire hazard to adjacent property and an extreme hazard to the general public."

The Building Commissioner declared the building condemned and ordered plaintiff to remove it. On July 15 plaintiff filed a notice of appeal, attaching his filing fee check for $25 drawn on the Citizens State Bank of Nevada, Missouri. The Board's secretary wrote plaintiff July 16 acknowledging receipt of the filing fee and giving notice the appeal would be heard July 22 at 2:00 P.M. At noon on that date plaintiff phoned the Board's secretary requesting a postponement. This was denied and proceedings were held. Upon hearing evidence from an engineer and seeing photographs of plaintiff's building, the Board found the building to be structurally unsound and an immediate danger to

life and property. The Board upheld the Building Commissioner's condemnation order.

Soon thereafter plaintiff's $25 filing fee check was returned to the Board unpaid and marked "unable to locate." On August 26, 1969 the plaintiff petitioned the Circuit Court for review of the administrative procedure and for an order staying the condemnation order. The defendants promptly moved to dismiss plaintiff's petition for review on the ground that since plaintiff had not paid the required filing fee there was no valid appeal from the original order of the Building Commissioner. The Circuit Court granted defendants' motion and dismissed plaintiff's petition for review.

We revert to the threshold question: Was plaintiff's appeal from the Building Commissioner's order effective when the required filing fee was "paid" by a worthless check?

■ Absent an agreement to the contrary an obligation to pay money is not discharged by delivery and receipt of a check, particularly a worthless check. This is so despite the fact that the payee has issued a receipt or entered a bookkeeping credit. Payment by check becomes effective only when the check is in fact paid. Gill v. Mercantile Trust Company, Mo.App., 347 S.W.2d 420 [2–5]; Komosa v. Monsanto Chemical Company, Mo., 317 S.W.2d 396 [10]. It has been aptly said that attempting to discharge an obligation with a worthless check has no more legal effect than paying with counterfeit money. Commercial Bank of Boonville v. Varnum, 176 Mo.App. 78, 162 S.W. 1080 [4–7]. Plaintiff did not pay the required fee.

■ Our courts have repeatedly held that timely payment of the statutory docket fee is a vital step in an appeal from a circuit court, and that filing a notice of appeal without paying the fee is an ineffective attempt to appeal. State v. Brookshire, Mo., 400 S.W.2d 61 [2]; Kattering v. Franz, 360 Mo. 854, 231 S.W.2d 148 [2–3]; Alberswerth v. Lohse, Mo. App., 232 S.W.2d 213. The same reasoning leads us to conclude that plaintiff's failure to pay the fee required by Ordinance No. 2127.7 made his purported notice of appeal ineffective. Being ineffective there was no valid appeal to the Board and hence nothing was preserved for administrative review in the Circuit Court.

■ Plaintiff argues here that by ruling on his appeal the Board waived payment of the required fee and further that by this waiver the Board was estopped from raising the non-payment issue in the Circuit Court. Waiver is the relinquishment of a known right and knowledge of the facts is essential to waiver and estoppel. Conservative Federal Savings & Loan Ass'n. v. Warnecke, Mo.App., 324 S.W.2d 471 [17–18]. When the Board took up plaintiff's purported appeal it did not know his check was worthless. Absent that knowledge there was neither waiver nor estoppel.

■ Plaintiff argues that § 536.100 V.A.M.S. gives him an absolute right to a judicial review. Not so. By that statute the right to a judicial review is available to "any person who has exhausted all administrative remedies provided by law." Not having effectively appealed to the Board the plaintiff has not brought himself within the statute.

The trial court properly dismissed plaintiff's petition. Judgment affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.