Roger H. **KLOSTERMAN**, Respondent,

v.

**ESTATE OF Jesse W. LANNING, Terry L. Lanning, Personal Representative, Appellant.**

**No. 53890.**

Missouri Court of Appeals, Eastern District, Division One.

July 19, 1988.

Robert H. Batts, Webster Groves, for appellant.

Dennis D. Rowlett, St. Louis, for respondent.

CRIST, Presiding Judge.

Appellant (estate) appeals the allowance of a claim of $3,550 for cash advances and/or cash loans made by respondent (claimant) to decedent during his lifetime. We affirm.

During his lifetime, decedent owned all of the stock in Lanning Auto Body Company, Inc., and operated the corporation. Claimant was the accountant for the corporation at the time of the death of decedent and had been so employed for several years. On August 8, 1986, the corporation issued a check to claimant in the amount of $3,550. The notation on the check read, "IN FULL ON ALL LOANS." The check was signed by decedent.

Claimant testified the check was payment for personal advances he made to decedent and not for corporate loans. He further stated the amount of the claim was determined by figures kept by decedent. Claimant testified decedent had borrowed money from him in the past and had repaid him with a corporate check. Estate's personal representative testified that not every check written on the corporate account was for corporate obligations.

When decedent tendered the check to claimant, he asked claimant not to cash the check at that time because there might not be enough money in the account to pay it. The check was never cashed. Decedent died on November 29, 1986. Claimant turned the check over to estate's personal representative and made a claim against estate for $3,550 for "cash advances and/or cash loans over a period of years."

Estate first claims there was insufficient evidence to support the trial court's allowance of the claim because there was only the check and claimant's testimony that it was in payment of personal advances made to decedent.

"In a court-tried case, the party seeking reversal should convince the appellate court that the trial court's judgment had insufficient competent evidence supporting it. Conflicts in the evidence are for the trial court to resolve.... The trial court, when sitting as the trier of fact, may believe all, part or none of the testimony of any witness." *Estate of Johnson v. Lamburth*, 719 S.W.2d 55, 58–59[6] (Mo.App. 1986).

A view of the evidence in the light most favorable to claimant shows sufficient evidence to support the trial court's judgment. Decedent was the sole stockholder in the corporation. He had used corporate checks to pay personal obligations in the past and this check was evidence of a debt owed to claimant by decedent. The credibility of the witnesses was for the trial court. *Id.* Point I is denied.

Finally, estate claims an accord and satisfaction was reached between claimant and decedent when claimant accepted the corporate check in payment of the loans.

It has been held that "[w]here a creditor accepts from a stranger less than the amount due in full satisfaction of the debt,

and that payment is made at the request of the debtor, there is an accord and satisfaction which discharges the entire debt." *Goetz v. Selsor*, 628 S.W.2d 404, 406[3] (Mo.App.1982).

However, in this case accord and satisfaction did not occur. The check was not drawn by a stranger, but by the decedent himself. He was the sole owner of the corporation and used the corporate account to pay personal obligations. The payment was not for less than the amount due, and the amount due was not in dispute. Furthermore, the obligation was not satisfied because the check was never paid. *State ex rel. Johnson v. Burks*, 463 S.W.2d 586, 588[2] (Mo.App.1971) (payment by check becomes effective only when the check is paid). At the request of decedent, claimant never presented the check for payment.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.