**Joy WAGNER, Appellant,**

v.

**Ann S. GILES, Appellee.**

**Nos. 2005–CA–001846–MR, 2005–CA–002293–MR.**

Court of Appeals of Kentucky.

Nov. 22, 2006.

R. Douglas Martin, Lexington, KY, for appellant.

Foster Ockerman, Jr., Lexington, KY, for appellee.

Before ACREE, SCHRODER, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

■ Under the Uniform Commercial Code, payment of a promissory note serves to discharge the makers of the note. The question we must resolve in this case is whether a payment, which was later set aside as a preference in bankruptcy, served to discharge the co-makers of a note. We hold that it did not and we therefore reverse and vacate the judgment of the Fayette Circuit Court.

Joy Wagner is Lori Holter's mother. Between December 1999 and July 2001, Wagner loaned $46,000 to Holter, Ann Giles, and HC Clinical Resources, LLC, d/b/a Paragon Health Alliance (Paragon). In return, Holter, Giles, and Paragon executed and delivered to Wagner four promissory notes. In January 2004, Holter tendered nearly $50,000 to Wagner in an attempt to pay the notes in full. The following July, Holter filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court. She received a Discharge of Debtor in October 2004. During the course of the bankruptcy proceedings, the bankruptcy trustee voided the January 2004 payment to Wagner as an insider preference. Wagner subsequently paid $40,000 to the bankruptcy trustee in settlement of the preference claim.

Wagner then brought the instant collection action against Giles as co-maker of the notes. Giles moved to dismiss the action, claiming that under KRS 355.3–602, Holter's payment discharged Giles' obligation under the notes. The Fayette Circuit Court granted Giles' motion and denied Wagner's subsequent motion to alter, amend or vacate. This appeal follows.

When this controversy arose, KRS 355.3–602 [1] provided:

(1) Subject to subsection (2) of this section, an instrument is paid to the extent payment is made:

(a) By or on behalf of a party obliged to pay the instrument; and

1. KRS 355.3–602 was amended in 2006. 2006 Ky. Acts ch. 242 § 42.

(b) To a person entitled to enforce the instrument.

To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under KRS 355.3–306 by another person.

(2) The obligation of a party to pay the instrument is not discharged under subsection (1) of this section if:

(a) A claim to the instrument under KRS 355.3–306 is enforceable against the party receiving payment; and

1. Payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction; or

2. In the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument; or

(b) The person making payment knows that the instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

Thus, under the plain language of KRS 355.3–602(1), a maker's [2] obligation is discharged "[t]o the extent of the payment[.]" While the Uniform Commercial Code does not define payment, KRS 355.1–103 [3] states that "[u]nless displaced by the particular provisions of this chapter," the UCC's provisions are supplemented by "the principles of law and equity, including the law" relative to bankruptcy.

Kentucky decisions have recognized that certain attempted payments do not operate to discharge notes. *See, e.g. Porter v. Bedell*, 273 Ky. 296, 298, 116 S.W.2d 641, 642 (1938) (holding that the receipt of a renewal note, the signature on which was forged, did not operate as a payment or discharge of the original note); *Moore v. Clines*, 247 Ky. 605, 611, 57 S.W.2d 509, 511 (1932) (noting that payor's attempt to satisfy an overdue promissory note with worthless bonds did not constitute payment). The common element in each of these cases is that the attempted payment was invalid and worthless. The court in *Porter* also noted that the same rule applies "where the invalidity of the renewal is due to other reasons, such as want of authority to execute or accept it, [or] disability or incapacity of the party executing or indorsing it[.]" 273 Ky. at 298, 116 S.W.2d at 642. KRS 378.060, which addresses assignments made in contemplation of insolvency with the intent of preferring one creditor over others, creates a similar want of authority, disability or incapacity. More recently, this court has recognized that a mistaken notation that a note had been paid did not operate to discharge a note. *Richardson v. First National Bank of Louisville*, 660 S.W.2d 678, 679 (Ky.App.1983).

Under the Federal Bankruptcy Code, a payment which is set aside as a preference is null and void, as if no payment had been made, and the parties are returned to the *status quo ante*. *Security First Nat'l Bank v. Brunson (Matter of Coutee)*, 984 F.2d 138, 141 (5th Cir.1993); *Herman Cantor Corp. v. Central Fidelity Bank, N.A. (In re Herman Cantor Corp.)*, 15

---

**2.** KRS 355.3–103(e) defines "maker" as "a person who signs or is identified in a note as a person undertaking to pay."

**3.** KRS 355.1–103 was also amended in 2006. 2006 Ky. Acts ch. 242 § 33.

492

B.R. 747, 750 (Bankr.E.D.Va.1981); *Commercial Bank of Boonville v. Varnum,* 176 Mo.App. 78, 162 S.W. 1080, 1082 (1914); *see Wallace Hardware Co. v. Abrams,* 223 F.3d 382 (6th Cir.2000).

■ Consistent with these lines of cases, we hold that the attempted payment of the promissory notes, which payment was later set aside as a preference in bankruptcy, did not operate to discharge the notes or the co-makers' obligation to pay them. The fact that Giles was a co-maker rather than a guarantor of the notes does not dictate a different result. Holter attempted to make a payment to Wagner, at a time when she was presumably insolvent, in an attempt to prefer Wagner. The federal bankruptcy trustee set aside this payment with the result that Wagner returned $40,000 to the trustee. Thus, for purposes of the notes from Holter, Giles, and Paragon, payment and partial discharge occurred only to the extent of the payment balance which was retained by Wagner. The cases [4] cited by Giles do not mandate a different result since none of those cases involve a payment which was set aside as a bankruptcy preference.

The order of the Fayette Circuit Court dismissing Wagner's complaint is therefore vacated, and this matter is remanded to that court for further proceedings.

*ALL CONCUR.*

---

4. *Conley v. Louisa Nat'l Bank,* 296 Ky. 797, 178 S.W.2d 17 (1943); *People's Savings Bank v. Wright,* 183 Ky. 362, 209 S.W. 342 (1919); *Young v. Exchange Bank of Kentucky,* 152 Ky. 293, 153 S.W. 444 (1913).