**GEORGE PRIDEMORE & SON, Inc.,**
Appellant,

v.

**TRAYLOR BROTHERS, Inc., Appellee.**

Court of Appeals of Kentucky.

March 14, 1958.

Stoll, Keenon & Park, Lexington, William Hays, Winchester, for appellant.

John E. Early, Beverly White, Winchester, for appellee.

CLAY, Commissioner.

Plaintiff, a subcontractor, brought suit to recover the balance due for work performed under an oral contract with defendant. Defendant by counterclaim sought to off-set approximately $7,000, the reasonable cost of certain work allegedly covered by the contract price which plaintiff had failed to perform. The matter was tried by,

the court without a jury, and the trial judge found for the defendant on its counter-claim. The correctness of this ruling is involved on the direct appeal.

Defendant had the general contract to build a generating plant. It requested bids for subcontract work on (1) plumbing, (2) heating and (3) air conditioning. Plaintiff submitted a bid for all of this work at a figure of $70,000. Subsequently a representative of the defendant had telephone conversations with representatives of the plaintiff concerning changes in the work and a modification of the bid. There were two versions of these telephone conversations.

Plaintiff made a new bid of approximately $40,000 and understood that the air conditioning would be omitted from the contract. Defendant's witness testified that plaintiff agreed to do the air-conditioning work, but the reduced bid resulted from cutting out other items.

Before plaintiff started performance, defendant sent it a written "purchase order" describing the work. This included "air conditioning" in bold type and stated the agreed contract price. Plaintiff admittedly received this order, and was not authorized to commence work without it. Officials of plaintiff's company testified that they did not see the purchase order, or did not understand it as including the air conditioning. Of course, they did not sign it so as to make it a written contract.

As the work progressed, plaintiff sent defendant several "progress reports". These referred only to plumbing and heating work, and did not mention air conditioning. When the plumbing and heating job was finished, plaintiff demanded the balance of the contract price. Defendant refused to pay it because the air conditioning had not been installed. This phase of the work was subsequently done for approximately $7,000 by another party, and that is the basis of the set-off.

Plaintiff contends that because of the clear misunderstanding in the telephone conversations, the minds of the parties never did meet on the scope of the work to be performed and consequently *there was no express contract*. Plaintiff claims the contract price for the plumbing and heating work on the quantum meruit theory, it being shown that the contract price was reasonable for these two services.

■ The difficulty with plaintiff's position is that it assumes no contract existed simply because it has a different version of the agreement than that of the defendant. If there is sufficient evidence to show a meeting of the minds even though the plaintiff denies it, then a court or jury may be justified in finding a contract existed. An express agreement may be proved by direct evidence, or circumstantial evidence, or both. See Sullivan's Adm'r v. Sullivan, 248 Ky. 744, 59 S.W.2d 999. Here we have both types of proof.

■ The parties had actually negotiated about air conditioning work. A witness for defendant testified the last bid included it. In support of this direct evidence, we have the "purchase order" sent by the defendant to the plaintiff. It specifically referred to air-conditioning work. Since this instrument authorized the plaintiff to proceed, the plaintiff should have taken notice of its contents. The trial court could have determined that plaintiff did have such knowledge. Having proceeded to work on the basis of this order, plaintiff can be held to have assented to its terms.

The fact that the "progress reports" did not mention air conditioning could not change the contract. These reports simply showed work completed by plaintiff, and it does not appear that the air-conditioning work must have been carried on at the same time as the plumbing and heating. In any event, these reports lack the persuasiveness of the "purchase order" as evidence of the actual agreement. The trial court correctly allowed this set-off.

**398**

■ By cross-appeal defendant complains of the allowance of about $800 interest to plaintiff on the balance due under the contract. It is contended that the plaintiff's claim was unliquidated and interest may not be allowed.

We are inclined to believe plaintiff's claim may be characterized as liquidated, but even if not, in a case of this sort, which really involves an accounting, the allowance of interest is a matter within the judicial discretion of the court. See Congoleum-Nairn, Inc. v. M. Livingston & Co., 257 Ky. 573, 78 S.W.2d 781, and Boggess v. Bivins, 313 Ky. 451, 231 S.W.2d 32. We think this allowance was proper under the circumstances.

The judgment is affirmed.