SOUTHERN NATIONAL BANK OF NORTH CAROLINA v. IAN I. POCOCK AND WIFE, LAURA E. POCOCK

No. 7510SC732

(Filed 7 April 1976)

1. **Uniform Commercial Code § 29; Guaranty — guaranty of note — signature in representative capacity — individual liability**

Where a guaranty of a note does not name any person represented but does show that defendants signed in a representative capacity, defendants are personally obligated on the guaranty agreement "except as otherwise established between the immediate parties." G.S. 25-3-403 (2) (b).

2. **Uniform Commercial Code § 29; Guaranty — guaranty of note — signature in representative capacity — individual liability — sufficiency of evidence**

In an action to recover on a written contract of guaranty of a corporation's note, plaintiff bank's evidence was sufficient to support a jury finding that it was not "established between the immediate parties" that defendants were not to be personally obligated on the guaranty which they signed in their representative capacity where it tended to show that the bank's officials explained to defendants in detail what would be required of them in the way of a personal guaranty and that the bank would not make the loan without it.

3. **Guaranty— consideration**

A consideration moving directly to the guarantor is not essential in a guaranty contract, but the promise is enforceable if a benefit to the principal debtor or detriment or inconvenience to the promisee is shown.

4. **Uniform Commercial Code § 29; Guaranty — signature in representative capacity — evidence of intent**

In an action to recover on a written guaranty signed by defendants in a representative capacity, the trial court properly excluded defendants' testimony as to their intention at the time of signing the guaranty not to be bound in their individual capacities since, under G.S. 25-3-403 (2) (b), a party's undisclosed intention not to be personally obligated, by itself, is irrelevant.

5. **Uniform Commercial Code § 29; Guaranty — signature in representative capacity — individual liability — burden of proof**

In an action to recover on a written guaranty signed by defendants in a representative capacity, the trial court did not err in giving the jury instructions placing the burden on defendants to prove that it had been established between the immediate parties that defendants were not to be personally obligated on the guaranty.

6. **Trial § 45— inconsistent answers on damages issues — refusal to resubmit all issues**

When the jury returned inconsistent answers as to the amount of damages recoverable from each of two defendants who were jointly

Bank v. Pocock

and severally liable on a guaranty agreement, it was within the court's discretion either to resubmit all issues or to resubmit only issues as to damages, and the court did not abuse its discretion in refusing to resubmit all issues.

APPEAL by defendants from *Brewer, Judge.* Judgment entered 27 May 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 14 January 1976.

Plaintiff Bank instituted this action to recover on a written contract of guaranty signed by defendants. Defendants filed separate answers, each denying individual liability.

Plaintiff offered evidence that during negotiations for a loan to a corporation, S&S Cleaners Inc., the stock in which was being acquired by Mr. Pocock, defendants were informed by Bank officials that the Bank would require security for the loan in the form of personal guarantees by both defendants. The Bank then held security for outstanding loans previously made to the corporation. The business plans of defendants were discussed with Bank officials, a credit check on defendants was obtained, a personal financial statement showing personal assets, liabilities, and net worth of Mr. Pocock was signed and furnished by him to the Bank, and the personal guaranty provisions were explained to defendants. Both defendants at the closing signed, in the name of and as officers of the corporation, a Security Agreement, consisting of a note chattel mortgage, in which S&S Cleaners, Inc. was named as "Borrower-Debtor(s)." The note evidenced the corporation's indebtedness to the Bank in the amount of $25,532.21, payable in monthly installments. The chattel mortgage covered certain described cleaning equipment. The face of the Security Agreement, which included the note and chattel mortgage, was signed as follows:

| S&S Cleaners Inc. | (Seal) |
|---|---|
| Debtor | |
| S/Ian I. Pocock, Pres. | (Seal) |
| Debtor | |
| S/Laura E. Pocock, Sec.-Treas. | (Seal) |
| Debtor | |

The reverse side of the Security Agreement contained a printed guaranty agreement signed by the defendants as follows:

GUARANTY OF THIRD PERSONS

Undersigned, jointly and severally, guarantee the payment, when due, to any holder hereof, of all amounts from

time to time owing thereunder, and the payment upon demand, of the entire amount owing on the foregoing Agreement, in the event of default in payment by DEBTOR(S) named therein. Undersigned waive(s) notice of acceptance of this guaranty, acknowledge themselves as fully bound by all provisions of said Agreement, and expressly agree to pay all amounts owing hereunder, upon demand, without requiring any action or proceeding against DEBTOR(S) or any foreclosure against any COLLATERAL secured in said Agreement.

_____(Seal)
                Guarantor
S/Ian I. Pocock, Pres.          (Seal)
                (Address)
_____(Seal)
                Guarantor
S/Laura E. Pocock, Sec.-Treas.   (Seal)
                (Address)

Plaintiff's evidence also shows that after making some of the monthly payments, the corporation defaulted on the note. The amount owing at the time of default was $19,878.45, judgment for which was obtained against the corporation. The property subject to the chattel mortgage was sold, and the net amount realized from the sale, $911.84, was credited on the judgment, leaving a balance owing thereon of $18,966.61. Plaintiff demanded said sum of defendants under their guaranty agreement, but defendants refused to pay.

Defendants testified that they were never told that they were to personally guarantee payment of the loan, that they never intended to do so, and that when they signed the guaranty agreement on the back of the Security Agreement, they signed only as representatives of the corporation.

Issues were submitted to the jury and answered as follows:

"1. Did the defendant Ian Pocock guarantee the payments of the note and security agreement as alleged in the Complaint?

ANSWER: Yes.

2. Did the defendant Laura E. Pocock guarantee the payments of the note and security agreement as alleged in the Complaint?

ANSWER: Yes.

3. What amount, if any, is the plaintiff entitled to recover of the defendant Ian Pocock?

ANSWER: $13,000.00.

4. What amount, if any, is the plaintiff entitled to recover of the defendant Laura E. Pocock?

ANSWER: $2,000.00."

The court, noting the conflict in the answers to Issues No. 3 and No. 4, refused to accept the jury's answers to those issues, and upon stipulation of the parties submitted to the jury a fifth issue, which was answered by the jury as follows:

"5. What amount, if any, is the plaintiff entitled to recover of the defendants?

ANSWER: $15,000.00."

Judgment was entered that plaintiff Bank recover of the defendants, jointly and severally, the sum of $15,000.00. Defendants appealed.

*Thomas Dewey Mooring, Jr. for plaintiff appellee.*

*Vaughan S. Winborne for defendant appellants.*

PARKER, Judge.

At issue between the parties is whether defendants are personally liable on the contract of guaranty. Insofar as pertinent to the question presented by this appeal, G.S. 25-3-403(2)(b) provides:

"G.S. 25-3-403. *Signature of authorized representative.*

\* \* \* \*

(2) An authorized representative who signs his own name to an instrument

\* \* \* \*

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

Here, there was evidence to show that defendant Ian I. Pocock was the duly elected President and defendant Laura E. Pocock was the duly elected Secretary-Treasurer of S&S Cleaners, Inc. As such corporate officers, each was a "representative" of the corporation as the word "representative" is used in the above statute. G.S. 25-1-201(35). No question has been here raised as to their authority to act as representatives of the corporation in connection with the loan made to it by the plaintiff Bank.

[1]  Insofar as the fact of the Security Agreement, which consisted of the note and chattel mortgage, is concerned, there can be no question that the obligation thereby incurred is solely that of the corporation, since the corporation is expressly named therein as the "Borrower-Debtor(s)" and the signatures of the two defendants show that they signed in a representative capacity as corporate officers. The present case, however, is not brought to enforce any obligation contained in the Security Agreement, but is brought solely to enforce the "Guaranty of third persons" which was printed on the reverse side and which defendants also signed. The obligation created by that instrument is "separate and independent of the obligation of the principal debtor." *Investment Properties v. Norburn,* 281 N.C. 191, 195, 188 S.E. 2d 342, 345 (1972). That instrument does not name any person represented but does show that defendants signed in a representative capacity. Thus, under G.S. 25-3-403(2)(b) defendants are personally obligated on the guaranty agreement "except as otherwise established between the immediate parties." Therefore, the determinative issue between the parties in this case is narrowed to whether it was here "otherwise established." Defendants' assignments of error should be considered in the light of the foregoing analysis as to the effect which G.S. 25-3-403(2)(b) has upon the rights of the parties under the facts of this case.

Defendants first assign error to the denial of their motion to dismiss made under Rule 12(b)(6) and to the denial of their motion for summary judgment. These motions were properly denied. Plaintiff's complaint was clearly sufficient to state a claim upon which relief can be granted, and the affidavits filed by the parties and considered by the court in connection with the motion for summary judgment clearly fall short of establishing that there was no genuine issue as to any material fact. Quite to the contrary, comparison of the affidavits filed

by the defendants with the affidavit of an official of the plaintiff Bank clearly demonstrates that there was a very lively issue between the parties as to the material facts bearing upon the determinative issue in this case.

**[2]** Defendants' motion for a directed verdict made at the close of the evidence was also properly denied. Plaintiff's evidence showed the making of the loan by plaintiff Bank to the principal debtor, S & S Cleaners Inc., the execution of the written "Guaranty of Third Persons" by defendant, plaintiff's extension of credit in reliance on that guaranty, default by the principal debtor, notice of default given to defendants, refusal to pay by defendants, and damage to plaintiff. Although there was a conflict in the evidence bearing upon the determinative issue in this case as to whether it was, or was not, "established between the immediate parties" that defendants were not to be personally obligated on the "Guaranty of Third Persons" which they signed, when we view the evidence in the light most favorable to plaintiff, as we must when passing upon the trial court's ruling on defendants' motion for directed verdict, *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971), we find the evidence amply sufficient to take the case to the jury. Plaintiff's evidence was to the effect that both prior to and at the time the loan was made, the Bank's officials explained to defendants in detail what would be required of them in the way of a personal guaranty, and that, far from it being established that defendants were not to be personally obligated, the Bank was relying on their personal obligation and would not have made the loan without it. Defendants' testimony to the contrary was for the jury to evaluate.

**[3]** We also find no merit in the contention made by the defendant, Laura E. Pocock, that directed verdict should have been allowed as to her on the grounds that the evidence shows she received no consideration, directly or indirectly, for signing the guaranty agreement. "In a guaranty contract, a consideration moving directly to the guarantor is not essential. The promise is enforceable if a benefit to the principal debtor is shown or if detriment or inconvenience to the promisee is disclosed." *Investment Properties v. Norburn, supra,* p. 196.

**[4]** Defendants assign error to rulings of the court excluding their testimony as to their intention at the time of signing the guaranty not to be bound in their individual capacities. Under G.S. 25-3-403 (2) (b), a party's undisclosed intention not to be

personally obligated, by itself, is irrelevant. The statute makes the signing party personally obligated "except as otherwise established between the immediate parties," and it takes more than an intention of one party undisclosed to the other to establish the requisite understanding *between* the parties. We find no error in the court's rulings on the evidence.

**[5]** Defendants assign error to the following portion of the court's charge to the jury:

> "Our law provides that where the person is not named, or in this case a corporation, but does show that a representative signed in a representative capacity, that is where words such as President or Secretary-Treasurer are placed after names and does not show before that, or in connection with it, the name of the corporation, that a person who signs it in such a manner becomes personally obligated for the instrument or obligation for the instrument which he or she signed, unless that person shows by the evidence, it was not intended as a personal obligation but was intended as an obligation of the person from whom he held to be in a representative capacity, such as the corporation; in other words, the corporation.
>
> So the plaintiff having shown, the defendants having admitted, that they signed the purported guaranty on the instrument and placed after their names the letters abbreviating President and Secretary and Treasurer, they would be personally obligated upon such guaranty agreement, unless they show, or each of them shows, that it was intended and agreed that they signed as representatives of the corporation and not individually, in the signing of such an agreement."

Although perhaps somewhat awkwardly expressed, we find no error prejudicial to defendants in the court's instructions to the jury. Defendant's contention that the quoted portion of the charge incorrectly shifted the burden of proof to them cannot be sustained. The statute, G.S. 25-3-403(2)(b), imposes personal obligation on the party signing under the circumstances therein enumerated "except as otherwise established between the immediate parties." Therefore, unless the signing party can establish otherwise as between himself and the other immediate parties to the instrument, the law makes him personally obligated. The clear intent of the statute is that the signing party

has the burden to otherwise establish, else he incurs the personal obligation which the statute imposes.

[6] Defendants assign error to the denial of their motion to set aside the jury's verdict as to all issues. The record discloses that when the jury first returned its verdict answering the four issues originally submitted to it, the court noted that the jury had failed to follow its instructions in answering the third and fourth issues. Accordingly, the court refused to accept the jury's answers as to those issues. Defendant's counsel then moved to set aside the answers to all issues, contending "that this is a comprehensive verdict." The Court, finding that "there has been no indication that this is a compromise verdict by the jury," denied the motion. Thereafter, defendants' counsel, without waiving his objection to the denial of his motion to resubmit all issues, stipulated that a single issue, the fifth issue, be submitted, and this was done.

We find no error in the denial of defendants' motion to resubmit all issues. "Before a verdict is complete it must be accepted by the court, but it is the duty of the presiding judge, before accepting a verdict, to scrutinize its form and substance to prevent insufficient or inconsistent findings from becoming a record of the court. Therefore, where the findings are indefinite or inconsistent, the presiding judge may give additional instructions and direct the jury to retire again and bring in a proper verdict, but he may not tell them what their verdict shall be." *Edwards v. Motor Co.*, 235 N.C. 269, 272, 69 S.E. 2d 550, 552 (1952). Moreover, the trial judge "may vacate the answer to a particular issue when to do so does not affect or alter the import of the answers to the other issues," *Lee v. Rhodes*, 230 N.C. 190, 192 52 S.E. 2d 674, 675 (1949). In the present case, when the trial judge noted the inconsistency in the jury's answers to the third and fourth issues, which related only to the amount of damages, it was within the court's sound discretion either to resubmit all issues or to resubmit only on issues as to damages. There was no abuse of the Court's discretion in refusing to resubmit all issues.

We have carefully examined all of defendants' remaining assignments of error, and find no error such as would warrant granting another trial.

No error.

Judges HEDRICK and ARNOLD concur.