This is an action by Phenix Girard Bank against M. Olease Cannon to recover a debt due under a promissory note. The jury *Page 927 
rendered a verdict in favor of Cannon. We reverse and remand.
Slocumb Cannon, Inc. was a corporation in the business of selling various appliances. The corporation had been doing business for over twenty years. Slocumb Cannon, Inc. carried on banking activities with Phenix Girard Bank for most of that period.
Until 1977, the Bank often financed Slocumb Cannon, Inc.'s accounts receivable, using a factoring arrangement. The Bank purchased an account at a discounted rate and then became responsible for collecting on the account from the debtor. In 1977, the Bank ceased financing the corporation's accounts receivable. The record does not disclose any reason for the cessation.
Mr. Slocumb generally handled the corporation's financial affairs. But Mr. Slocumb became ill and Mr. Cannon became responsible for most of the corporation's business matters.
The corporation began experiencing severe financial difficulty, and ultimately filed a petition for bankruptcy in 1980. The corporation owed a ninety day promissory note for $60,000. When the note became due, the Bank, knowing of the corporation's financial difficulty, required the note to be converted to an installment loan. The Bank requested financial statements of both the corporation and Mr. Cannon. At that time, Mr. Cannon told an officer of the Bank that he doubted the corporation could make the payments. The Bank's officer testified that because of the financial insecurity of the corporation, it was his intent to have Mr. Cannon join as a maker of the loan. Mr. Tomblin, a bank employee, stated that the Bank generally required an officer or owner of a closely held corporation to be personally liable for the corporation's debt.
On August 25, 1978, a note was executed which was signed as follows:
 "Slocumb Cannon "By: M.O. Cannon (Debtor) "M.O. Cannon (Debtor)"
The note did not identify the debtor in any other place in the note.
Mr. Cannon testified that he did not intend to be personally liable on the note. Mr. Cannon also testified that the Bank's employees never discussed the issue of whether he would be personally liable on the note. The Bank's employees merely told Mr. Cannon where to sign the note.
After Slocumb Cannon, Inc. filed bankruptcy, Phenix Girard Bank brought an action against Mr. Cannon for the unpaid balance of the note. Mr. Cannon brought a counterclaim for fraud. The trial judge granted the Bank's motion for a directed verdict on Cannon's counterclaim. The judge submitted to the jury the issue of whether Mr. Cannon was personally liable on the debt. The jury rendered a verdict in favor of Mr. Cannon. The Bank appeals.
This Court is again faced with the issue of whether an agent signed in a representative capacity or whether the agent is to be held liable on an instrument. Section 7-3-403 (2) provides that a representative who signs his own name to an instrument is personally liable if the instrument "names the person represented, but does not show that the representative signed in a representative capacity."
Parol evidence is admissible, between the immediate parties, to disestablish the signer's liability on the note in the situation described above. Code 1975, § 7-3-403 (2)(b);Wurzburg Brothers, Inc. v. Coleman, 404 So.2d 334 (Ala. 1981).
Nevertheless, parol evidence is not admissible in "the present case to vary the terms of the note dated August 28, 1978. The signature included the name of the corporation, Slocumb Cannon, and Mr. Cannon signed "By: M.O. Cannon." Then Mr. Cannon signed again. This second signature neither names the person represented nor shows that Mr. Cannon signed in a representative capacity. New York Financial, Inc. v. J WHolding Co., 396 So.2d 802 (Fla.App. 1981). See SouthernNational Bank of North Carolina v. Pocock, 29 N.C. App. 52,223 S.E.2d 518 (1976). *Page 928 
Parol evidence is not admissible under § 7-3-403 (2)(a) if the instrument neither "names the person represented nor shows that the representative signed in a representative capacity."See § 7-3-403, Official Comment 3; Wurzburg Brothers, Inc. v.Coleman, 404 So.2d at 335. Thus, the trial court erred in failing to direct a verdict or grant a judgment notwithstanding the verdict on the loan.
In order to avoid personal liability on an instrument, the agent should (1) name the organization represented; (2) sign his or her name and office; and (3) make the name of the agent and principal refer to each other so that a reasonable person could understand from the face of the instrument that the agent signed as a representative. Havatampa Corp. v. Walton Drug Co.,354 So.2d 1235 (Fla.App. 1978).
The Official Comments to § 7-3-403 clearly provide an example of an unambiguous way to make an agent's representation clear. "Assuming that Peter Pringle is a principal and Arthur Adams is his agent," Adams should sign an instrument "Peter Pringle by Arthur Adams, Agent." An agent may easily indicate his representative capacity by signing in the manner prescribed above.
The Bank also raised the issue of the propriety of admitting evidence of its offset of certain accounts and contract rights against a note that was not in dispute. Since we are granting the Bank the relief it seeks, it is not necessary to address this issue.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.