Donald **RICHARDSON** and Bryan Fann, Appellants,

v.

**FIRST NATIONAL BANK OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

Sept. 16, 1983.

Modified Dec. 9, 1983.

Robert L. Heleringer, Louisville, for appellants.

Michael R. Tilley, Michael Troutman, Morgan & Pottinger, Louisville, for appellee.

Before COOPER, DUNN and HOWERTON, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellee, plaintiff below, in an action on a debt. On appeal, the issue is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact and that the appellee was entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm.

The facts relative to this action are as follows: In April of 1979, the appellants, Donald Ray Richardson and Bryan Fann, entered into a commercial credit agreement with the appellee, First National Bank of Louisville. Specifically, the appellants borrowed $24,107.04, on behalf of Bryan Richardson, Inc., to be paid in equal installments of $669.64 over a three-year period. On the face of the note was typed the name of the corporation, as well as the signatures of the appellants. Both signed the note twice. The purpose of the loan was to help finance a retail clothing store in the name of Bryan Richardson, Inc. The store closed in September of 1980 when bankruptcy proceedings were initiated by the appellants.

In November of 1980, monies from appellant Richardson's personal checking and savings account were attached by the appellee to offset a portion of the indebtedness incurred by Bryan Richardson, Inc. In December of 1980, the bankruptcy trustee conducted a sale of the corporation's remaining assets to satisfy the creditors involved, including the appellee. Thereafter, the appellee mistakenly informed the appellants that the note had been paid in full. In April of 1981, the appellee filed an action against the appellants alleging that a deficiency of $9,282.78 remained on the note. The appellants answered and, pursuant to CR 12.03, moved for a judgment on the pleadings, attaching to such motion a copy of the canceled note and a letter from the appellee indicating that final payment had been received. The appellee objected and filed an affidavit from a bank officer stating that the December 30th letter indicating that the note had been paid in full was sent by mistake. At a pretrial conference, the trial court ordered all parties to file cross-motions for summary judgment. It subsequently entered summary judgment for the appellee, and overruled the appellants' motion to set aside such judgment.

Principally, the appellants argue that the trial court erred, as a matter of law, in entering judgment for the appellee in that two genuine issues of material fact existed between the parties: (1) the appellee's intent with respect to its cancellation of the note; and (2) whether the appellants signed the note individually or as representatives of the corporation. Reviewing the record below, we affirm the trial court's judgment.

Although the appellee admittedly informed the appellants that the note had been paid in full, there is substantial evidence in the record that it lacked the requisite intent to cancel the instrument. KRS 355.3–605(1)(a). Filed with its motion for summary judgment was an affidavit of one of its officers stating that the letter sent to the appellants was a clerical error, and an indebtedness of $9,283.78 remained on the note. Clearly, under the statute, an intent to discharge a party is not the equivalent of a clerk's personally stamping a note "cancelled" or "paid" when, in fact, it had not been paid. In effect, a clerical error does not have the legal effect of canceling an existing debt or discharging an instrument.

*See Peoples Bank of South Carolina, Inc. v. Robinson,* 272 S.C. 155, 249 S.E.2d 784 (1978); White and Summers, *The Handbook of the Law Under the Uniform Commercial Code,* § 13–19 (1972). More importantly, once the appellee filed an affidavit stating that a remaining indebtedness existed on the note, it was incumbent upon the appellants to file a counter-affidavit disputing such a statement. This they failed to do. Consequently, the trial court could only conclude that the indebtedness did, in fact, exist and there was no genuine issue concerning its existence.

 Secondly, we reject the appellants' argument that a genuine issue of fact existed as to whether they signed the note individually, or as representatives of the corporation. KRS 355.3–403(2) states as follows:

(2) An authorized representative who signs his name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person representated but does show the representative signed in a representative capacity.

Here, both appellants signed their names twice to the corporate note without stating that such signing was as representatives of Bryan Richardson, Inc. Under Subsection (2)(a) of KRS 355.3–403, the appellants are personally liable on the note in that there is no indication that they signed in a representative capacity. Furthermore, notwithstanding the appellants' statements that they assumed they were incurring no personal liability, there is no evidence that there was any understanding between the parties that only the corporation would be liable. KRS 355.3–403(b). In effect, there is no evidence that there existed any understanding between the appellants and the appellee to offset the language of the statute. The appellants' assumption that they were not individually liable is insufficient to overcome a statutory presumption that they were. *See Southern National Bank of North Carolina v. Pocock,* 29 N.C.App. 52, 223 S.E.2d 518, 19 UCC Rep. 565 (1976). Accordingly, we find no error on the part of the trial court in entering judgment for the appellee.

The judgment of the trial court is affirmed.

All concur.