FEDERAL DEPOSIT INSURANCE COR- PORATION in the place and stead of The Gamaliel Bank, Appellant,

v.

GAMALIEL FARM SUPPLY, INC.; Paul R. Lee and Nancy H. Lee, husband and wife; Adrain B. Lee and Cly Lee, husband and wife; and Derek Lee, a single person, Appellees.

Court of Appeals of Kentucky.

Feb. 27, 1987.

Discretionary Review Denied by Supreme Court April 21, 1987.

Jerry A. Burns, Harlin, Parker & Rudloff, Bowling Green, for appellant.

Herbert B. Sparks, Edmonton, James C. Jernigan, Tompkinsville, for appellees.

Before LESTER, MILLER and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Monroe Circuit Court based upon a jury verdict which held the appellee, Adrain Lee, was not liable to the appellant for payment of two promissory notes signed by him. The two notes were payable to the Gamaliel Bank. The appellant, Federal Deposit Insurance Corporation (FDIC), is the receiver of the Gamaliel Bank which was closed by order of the Kentucky Commissioner of Banking.

On August 18, 1979, Paul R. Lee, as president, and his father Adrain Lee, as secretary-treasurer of Gamaliel Farm Supply, Inc., signed a demand note for $180,-000.00 payable to the Gamaliel Bank. On the reverse side of this note both men signed a guaranty of payment of the note. The time at which this was signed was disputed. Their signatures on the reverse side of the note made no indication of any corporate capacity. On August 18, 1982, a second demand note payable to the bank in the amount of $42,862.00 was signed by Paul R. Lee as president of the farm supply corporation. Adrain Lee did not sign this note although his name as secretary-treasurer was signed on the note by Paul.

On the same date as the first note was executed, the following separate guaranty was also executed:

> We, Paul R. Lee and Adrain Lee, Gamaliel, Kentucky being the sole owners of Gamaliel Feed & Farm Supply, Inc., Gamaliel, Kentucky, hereby personally guarantee all notes and accounts made at Gamaliel Bank, Gamaliel, Kentucky in name of GAMALIEL FEED & FARM SUPPLY, INC., this date, August 18, 1979, or any date hereafter.
>
> s/ Paul R. Lee, President
> PAUL R. LEE, PRESIDENT
> s/ Adrain B. Lee
> ADRAIN LEE,
> SECRETARY & TREASURER

Gamaliel filed suit to collect the balance due on the two notes on July 6, 1983. The answer filed in response to the complaint simply denied the allegations of the complaint. On April 10, 1985, the defendants below moved the trial court to permit them to amend their answer to assert the affirmative defense of fraud. The motion was granted, and an amended answer alleged that Adrain Lee and Paul Lee had relied upon the representation of the bank and its agents and employees that in signing the notes and guaranties the Lees were acting only as corporate officers and would not be bound individually. In the meantime, on April 19, 1984 the bank had been closed and the FDIC appointed its receiver. The order permitting the amended answer also substituted the FDIC as plaintiff finding that as receiver of the bank the FDIC was the "owner and holder" of the notes. No amended complaint was filed.

At trial the jury was instructed that the appellee, Adrain Lee, should not be held liable individually on the $180,000.00 note if it believed that in order to induce Mr. Lee to sign that note agents or employees of the bank had represented to him that he was signing solely on behalf of the farm supply corporation, that he would not be individually liable on the note, and that Mr. Lee was deceived by and relied upon such representation which the bank's agents or employees knew to be false. The jury was instructed as to the smaller note that

Adrain Lee should not be held liable individually if it believed that he had not signed that note and did not authorize Paul R. Lee to sign it on his behalf. As to the separate guaranty agreement, the jury was instructed that there was no individual liability for Adrain Lee if the jury believed he was also induced to sign this document by representations of the bank's agents or employees which they knew to be false; that he was signing solely on behalf of the farm supply corporation; and that he would not be personally liable. The jury found in favor of Adrain Lee under each of these instructions.

The FDIC first argues that the trial court erred in denying its motion for a directed verdict against Adrain Lee on the $180,000.00 note because Lee had signed the guaranty on the back of this note without any indication that he was signing in a representative capacity. According to the appellant, KRS 355.3-403(2)(a) and (b) make Adrain Lee personally liable in such an event. In support of this position, it cites *Richardson v. First National Bank of Louisville*, Ky.App., 660 S.W.2d 678 (1983). We do not question that both the statute and that case provide that ordinarily the signer of a note is individually liable on the note when the note does not clearly show that he signed it in a representative capacity. Neither the *Richardson* case nor this statute, however, preclude a defense of fraud to liability on a note. *See* KRS 355.-3-305 and 355.3-306.

Whether the fraud alleged by the appellee is available to him as a defense against the FDIC, which was not a party to any of the transactions, depends as a matter of state law upon whether the FDIC is or is not a holder in due course of the two notes. Clearly it is not; according to the testimony of Mr. Toth, an officer of the FDIC, these loans had been "turned over to the FDIC as receiver for collection." *See* KRS 355.3-302(3)(a). *See also Henkin, Inc. v. Berea Bank & Trust Co.*, Ky.App., 566 S.W.2d 420 (1978). As it is not a holder in due course, the FDIC holds the notes subject to "all defenses of any party which would be available in an action on a simple

contract." KRS 355.3–306(1)(b). Fraud in the inducement, as alleged here, may be a defense to the provisions of a written contract. *See Sanford Construction Co. v. S. & H. Contractors, Inc.,* Ky., 443 S.W.2d 227 (1969); *Kreate v. Miller,* 226 Ky. 444, 11 S.W.2d 99 (1928).

The FDIC, nevertheless, insists that the defense of fraud is not available in this case. It offers *Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.1982), *Federal Deposit Insurance Corporation v. Wood,* 758 F.2d 156 (6th Cir.1985), and *Federal Deposit Insurance Corporation v. Leach,* 772 F.2d 1262 (6th Cir.1985), as authority for this proposition. Those cases state as a matter of federal common law that when the FDIC acquires a negotiable instrument in a purchase and assumption transaction, it becomes in effect a holder in due course of such instrument, provided it has acquired the instrument in good faith, for value, and without actual notice of any defense. This status is not compromised by the fact that the FDIC acquired the notes as a corporate insurer from itself as receiver. *See Gunter v. Hutcheson, supra,* and *Federal Deposit Insurance Corporation v. Wood, supra.* Even so, these cases appear to be irrelevant to the situation at hand because there was neither pleading nor proof at trial that the FDIC held these two notes by "purchase and assumption" for value. The deposition of Mr. Toth and his trial testimony, as well as the finding of the trial court substituting the FDIC as a party plaintiff, all indicate that the FDIC holds the notes and is seeking to collect the debt as receiver. Under these circumstances it does not appear that the jury was improperly instructed on the defense of fraud in the inducement as to this note.

■ Inasmuch as the jury found that the smaller note was not signed by Adrain Lee, and that his name was not signed to the note by his authorization, he can be held liable on that note only by virtue of the separate guaranty which he signed. Here again the jury found a fraudulent misrepresentation had induced his signature to the guaranty. Unlike the two notes, the separate guaranty is not a nego-

tiable instrument although it is assignable. *See McGowan v. Wells' Trustee,* 184 Ky. 772, 213 S.W. 573 (1919); 38 Am.Jur.2d *Guaranty* § 34 (1968). Even had the FDIC been a purchaser of the notes, rationale behind the federal common law with respect to a negotiable instrument would not seem to apply to the situation of a separate contract of guaranty. As receiver of the separate contract of guaranty the FDIC is certainly not in a better position with respect to the defense of fraud than it would have been as a purchaser for value without notice.

■ Contrary to the appellant's argument, we believe there was sufficient evidence to create a jury question as to whether Adrain Lee was fraudulently induced to sign the separate guaranty. His own testimony concerning the repeated representations made to him by various officers of the bank that his dealings with the bank concerning the farm supply corporation "won't bother your personal stuff" and the ambiguous signature to the guaranty, in addition to other evidence, were sufficient for the jury to find a fraudulent inducement. Unlike the situation in *Citizens National Bank of Glasgow v. Damron,* 286 Ky. 43, 149 S.W.2d 762 (1941), the fraudulent misrepresentations here were about the existing nature of the documents which Mr. Lee signed and were not about a promise to be performed in the future. This case also differs from *Haynes v. Froehlich,* Ky., 273 S.W.2d 379 (1954), in that no fraud was alleged in that case and there was no question of the capacity in which the note was signed.

■ Finally, the appellant argues that the trial court erred in refusing to admit evidence of a statement made in a "Debtors Disclosure Statement" filed by Paul R. Lee in separate bankruptcy proceedings. This document stated that Paul and his father Adrain were personal guarantors of a debt to the Gamaliel Bank "in the approximate amount of $125,000." The admission of this document was sought to impeach Paul's testimony in the present action that he understood he and his father would not be personally liable on the notes. As ob-

served by the trial court, this document was prepared and signed by Paul's attorney in the bankruptcy proceeding. There is nothing in the record to show that Paul knew of its contents or had told his attorney that he and his father were personally liable on the notes. The information contained in the disclosure statement may well have emanated from the attorney's independent legal conclusion. Any error in the failure to admit this evidence for impeachment in light of the foregoing does not appear to us to have been so prejudicial to the appellant as to require a reversal of the jury's verdict. Furthermore, we cannot agree with the appellant that the disclosure statement constituted a judicial admission as to Adrain Lee, admissible as substantive evidence in this case.

The judgment of the trial court is affirmed.

All concur.