Harold E. BURRUS and Janice S. Burrus, Appellants,

v.

The FARMERS BANK OF NICHOLAS-VILLE, Kentucky, Appellee.

No. 95–CA–2451–MR.

Court of Appeals of Kentucky.

Feb. 21, 1997.

Earl S. Wilson, Jr., Philip E. Wilson, Wilson, DeCamp & Talbott, P.S.C., Lexington, for appellant.

David R. Irvin, Moynahan, Irvin & Smith Newberry, Hargrove & Rambicure, P.S.C., Nicholasville, for appellee.

Before BUCKINGHAM, COMBS and KNOPF, JJ.

## OPINION

KNOPF, Judge:

Harold and Janice Burrus appeal a summary judgment entered in favor of Farmers Bank of Nicholasville, Kentucky. The summary judgment held that the Burrus Group, Inc. (BGI), a Kentucky corporation, and the Burruses, who are the sole shareholders and directors of BGI, were jointly and severally liable for a $90,000.00 loan made with the Bank. The sole issue on appeal is whether a question of fact exists regarding whether the Burruses and the Bank had an understanding that the Burruses would not be personally liable for the BGI debt. We reverse the trial court as we hold that a question of fact does exist.

Harold and Janice Burrus signed a promissory note without indicating that they were signing in their representative capacities of BGI. However, the note indicated that BGI was the sole borrower of the note. Additionally, "Burrus Group, Inc." was typed under Harold's signature. Because the Burruses did not sign the note indicating their representative capacities, but the note did name the entity represented, KRS 355.3–403(2)(b) applies to this case.[1]

KRS 355.3–403(2)(b) states:

(2) An authorized representative who signs his own name to an instrument . . .

   (b) **except as otherwise established between the immediate parties**, is personally obligated if the instrument

---

1. This statute has been revised and renumbered effective January 1, 1997 by KRS 355.3–402. The prior version applies in this case.

names the person represented but does not show that the representative signed in a representative capacity or if the instrument does not name the person represented but does show that the representative signed in a representative capacity. [Emphasis added.]

Under this section of the statute parol evidence is admissible to show that the immediate parties to the note had an understanding that the persons who signed the note would not be personally liable for the debt. *Richardson v. First National Bank of Louisville*, Ky.App., 660 S.W.2d 678 (1983). Consequently, the Burruses can offer evidence that they and the Bank had an understanding that they would not be personally liable for the $90,000.00 on the note.

In addressing this issue below, the trial court held:

Although the Defendants, Harold E. Burrus and Janice S. Burrus, have filed in the record their Affidavit to the effect that they "did not intend to be personally obligated" for the repayment of said note, such statements are insufficient to overcome the statutory presumption that they are KRS 355.3–403; *Richardson v. First National Bank of Louisville*, Ky.App., 660 S.W.2d 678 (1983).

Both the trial court and the Bank primarily rely on the *Richardson* case to conclude that no question of material fact exists. In *Richardson* the note included the typed name of the corporation and the signatures of officers of the corporation. However, as in this case, the officers failed to indicate their representative capacity. On appeal the court upheld a summary judgment in favor of the bank explaining:

[N]otwithstanding the appellants' statements that they assumed they were incurring no personal liability, there is no evidence that there was any understanding between the parties that only the corporation would be liable.

*Id.* at 680.

The trial court likened the present case to *Richardson* by limiting its review to the Burruses' statement that they did not intend to be personally obligated and to reviewing any

documents in which the Bank agreed to not hold the Burruses personally liable for the note. However, much more parol evidence is admissible and relevant in this case.

The Burruses do not have to prove that a written agreement existed but that a mutual understanding existed. A mutual understanding can be proven with circumstantial evidence like any other fact. *See, Goss v. Personnel Bd.*, Ky., 456 S.W.2d 824 (1970), and *George Pridemore & Son, Inc. v. Traylor Bros., Inc.*, Ky., 311 S.W.2d 396 (1958). The Burruses have provided numerous bits of evidence that tend to show that the Bank did not intend the Burruses to be personally liable. First, the note indicated that the only borrower was BGI. In a previous note with the Bank, when Harold was intended to be personally liable, Harold's name was included in the box indicating that he, individually, was also a borrower along with BGI.

The Bank also utilized a bank document identified as a "Payment Screen" to adjust the term of the loan. The Payment Screen for the note identified the customer as "Burrus Group, Inc." Janice's signature alone on the Payment Screen modified the original note to a term of five (5) years for BGI without indicating her representative capacity and without obtaining Harold's signature.

The note was secured by four trailers which were perfected by a Lien Statement that identified the debtor as BGI. Along with the loan documents, the Bank had a copy of BGI's borrowing resolution authorizing Harold to obtain a loan for BGI. This resolution was signed by Janice with her name and title as treasurer typed underneath her signature. The Bank's auditor and loan review officer, Ms. Jessica True, made a schedule that listed every loan made to Harold and Janice. That schedule stated the Burruses' total **personal** liability with the Bank and did not include the loan which is the subject of this appeal. Ms. True also comprised a schedule listing the Bank's loans with BGI. That schedule did include the subject loan of this appeal.

This evidence offered by the Burruses is more than that offered by the appellants in *Richardson, supra.* In *Richardson,* the appellants only showed their understanding re-

garding personal liability for the corporate debt. In this case, the Burruses have stated their understanding and have offered proof from which the Bank's understanding regarding personal liability may be discerned. Considering this evidence in the light most favorable to the Burruses, we cannot say that it would be impossible for the Burruses to convince a jury that they and the Bank had a mutual understanding that Harold and Janice Burrus would not be personally liable for the loan to BGI. *See, Steelvest v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476 (1991).

For these reasons, we reverse and remand this case to the Jessamine Circuit Court.

All concur.